**In re Abdul and Samina KAZI, Debtors.**

**UNITED STATES of America for the Use of KEMPER SECURITIES GROUP, INC. and Kemper Securities Group, Inc., Plaintiff,**

v.

**Stephen R. CLARK, Trustee, and Fidelity & Deposit Co. of Maryland, Defendants.**

**Bankruptcy No. 90–30166.**
**Adv. No. 93–3009.**

United States Bankruptcy Court,
S.D. Illinois.

Feb. 24, 1994.

As Amended March 2, 1994.

Timothy Hayes, St. Louis, MO, for plaintiff Kemper.

Robert Bruegge, Robert H. Shultz, Jr., Edwardsville, IL, for Trustee Clark.

James E. McDaniel, St. Louis, MO, for Fidelity.

## AMENDED OPINION

KENNETH J. MEYERS, Bankruptcy Judge.

Plaintiff Kemper Securities Group, Inc. filed the instant adversary proceeding in the name of the United States and on its own behalf to recover damages allegedly resulting from the failure of the chapter 7 trustee to timely object to the exemption claimed by debtors in certain pension and profit sharing plans worth approximately $430,000.00. Plaintiff seeks damages of $174,392.00, the amount of its unsecured claim in the underlying bankruptcy proceeding, as well as legal fees totaling $83,000.00 that it incurred "in attempting to mitigate its damages." Plaintiff's Complaint, ¶ 15. In Count I, plaintiff seeks recovery from the trustee and Fidelity and Deposit Company of Maryland, jointly and severally, on a blanket trustee's bond.[1] Fidelity is the surety on the bond. In Count II, plaintiff seeks relief against the trustee personally under a theory of common law negligence. Plaintiff and defendants have each filed separate motions for summary judgment. The relevant facts are as follows:

Debtors filed a chapter 7 bankruptcy petition on February 28, 1990, listing as exempt $430,000.00 in tax-qualified "pension trusts." (The Internal Revenue Service had previously determined that debtors' pension plan and profit sharing plan were "qualified" under the Employee Retirement Income Security

Act ("ERISA")). Neither the trustee nor Kemper Securities (at that time, Blunt, Ellis & Loewi) filed objections to exemptions within the time limits established by Bankruptcy Rule 4003(b). Kemper Securities, however, filed late objections which debtors moved to strike as untimely. Likewise, the trustee filed a complaint for turnover requesting that debtors be ordered to turn over all funds held in the pension and profit sharing plans. Debtors filed a motion to dismiss (construed by the Court as a motion for summary judgment) claiming that the plans were not property of the estate and further claiming that even if they did constitute estate property, debtors were entitled to claim the plans as exempt.

This Court held that debtors' ERISA-qualified pension and profit sharing plans were property of the estate, but that debtors were entitled to claim the plans as exempt since no timely objections had been filed. The Court overruled Kemper Securities' objections as untimely and granted summary judgment in favor of debtors on the trustee's complaint for turnover. *In re Kazi*, 125 B.R. 981, 992 (Bankr.S.D.Ill.1991). On appeal, the Court's decision was affirmed by the District Court and the Seventh Circuit Court of Appeals. *In re Kazi*, No. 91–00169 (S.D.Ill. Jan. 21, 1992), *aff'd*, 985 F.2d 318 (7th Cir.1993).

Prior to the Seventh Circuit's decision in this matter, the United States Supreme Court held that plans qualified under ERISA do not constitute property of the estate under 11 U.S.C. § 541(c)(2). *Patterson v. Shumate*, —— U.S. ——, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992). In *Kazi*, however, debtors did not appeal this Court's decision that the plans were part of the bankruptcy estate. Accordingly, the Seventh Circuit did not

---

1. Bankruptcy Rule 2010 provides:
   (a) Blanket Bond. The United States trustee may authorize a blanket bond in favor of the United States conditioned on the faithful performance of official duties by the trustee or trustees to cover (1) a person who qualifies as trustee in a number of cases, and (2) a number of trustees each of whom qualifies in a different case.

   (b) Proceeding on Bond. A proceeding on the trustee's bond may be brought by any party in interest in the name of the United States for the use of the entity injured by the breach of the condition.
   Bankr.R. 2010.

reach this issue nor did it discuss the effect of *Patterson*.[2]

Defendants in the instant proceeding contend that in light of *Patterson,* plaintiff has sustained no damages as a result of the trustee's failure to timely object to debtors' exemptions. Plaintiff, on the other hand, argues that *Patterson* is not applicable because the "law of the case" doctrine prohibits this Court from reconsidering its ruling that debtors' pension plans are part of the bankruptcy estate.

■ The law of the case doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern *the same issues in subsequent stages of the same case." Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983) (emphasis added). "Unlike the doctrine of stare decisis, however, law of the case is a discretionary doctrine." *Redfield v. Continental Casualty Corp.,* 818 F.2d 596, 605 (7th Cir.1987). As explained by the Seventh Circuit:

> The law of the case doctrine "is a rule of practice, based on sound policy that, when an issue is once litigated and decided, that should be the end of the matter." The doctrine is a self-imposed prudential limitation rather than a recognition of a limitation of the courts' power. It is not, therefore, an immutable rule, but rather a way to foreclose continued appeals for reconsideration of prior rulings of law. In this respect, the law of the case doctrine must be distinguished from *res judicata*: "[O]ne directs discretion; the other supersedes it and compels judgment."

*Gertz v. Robert Welch, Inc.,* 680 F.2d 527, 532 (7th Cir.1982), *cert. denied,* 459 U.S. 1226, 103 S.Ct. 1233, 75 L.Ed.2d 467 (1983) (cita-

tions omitted). "The law of the case will not be enforced where it is clearly erroneous or where doing so would produce an injustice." *Redfield,* 818 F.2d at 605.

■ While the doctrine normally applies "when the same parties to a prior proceeding are involved at a subsequent stage of the same litigation," *In re Hunt's Health Care, Inc.,* 161 B.R. 971, 982, (Bankr.N.D.Ind. 1993), the doctrine is not applicable where either different parties or issues are involved. *See Harbor Insurance Co. v. Essman,* 918 F.2d 734 (8th Cir.1990); *In re Hunt's Health Care, Inc.,* 161 B.R. 971, 982 (Bankr.N.D.Ind. 1993); *Lake Bluff Heating and Air Conditioning Supply, Inc. v. Harris Trust and Savings Bank,* 117 Ill.App.3d 284, 72 Ill.Dec. 665, 452 N.E.2d 1361 (1983).

■ The instant proceeding is a wholly separate cause of action, involving different parties and issues, from the trustee's previous complaint for turnover. More specifically, the present controversy is brought by Kemper Securities against the trustee and Fidelity and Deposit for breach of the trustee's fiduciary duties and for professional negligence. It is not a continuation or "subsequent stage" of the prior action, which was brought by the trustee against debtors for turnover of the pension plan assets. Because the current proceeding is separate and distinct from the trustee's turnover complaint, the law of the case doctrine does not preclude the Court from considering the applicability of the Supreme Court's decision in *Patterson*.[3]

■ In light of the Supreme Court's holding that ERISA-qualified plans do not constitute property of the estate, the plaintiff cannot prove that it has suffered any damages

---

2. Instead, the Seventh Circuit specifically found:

The bankruptcy court determined that debtors could not rely on 11 U.S.C. § 541(c)(2) to avoid the initial placement of the pension trust funds in the bankruptcy estate because the funds did not qualify as a spendthrift trust that would be excludable from the bankruptcy estate under Illinois law.... Once it had held the trust funds were part of the bankruptcy estate, the bankruptcy court allowed debtors to claim them as exempt. *Debtors have not appealed the initial decision to include the pension trust funds in the bankruptcy estate. The*

*only question to be addressed in this appeal is whether the trustee's objections to debtors' claimed exemptions should have been entertained by the bankruptcy court despite their late filing.*

*In re Kazi,* 985 F.2d at 320 (emphasis added).

3. Even assuming *arguendo* that the law of the case doctrine applies in the instant proceeding, an exception to the doctrine is sometimes made when a subsequent Supreme Court decision changes the law applicable to the case. *Key v. Sullivan,* 925 F.2d 1056, 1060 (7th Cir.1991).

as a result of the trustee's failure to timely object to debtors' exemptions. In other words, it is impossible for the plaintiff to show that "but for" the trustee's failure to object, the pension plan funds would have remained in the estate. Under the holding in *Patterson*, the Court cannot conceive of any scenario where plaintiff can establish that the funds would have been brought back into the estate and that it was thereby damaged.[4]

Accordingly, IT IS ORDERED that plaintiff's motion for summary judgment is DENIED. IT IS FURTHER ORDERED that defendant Stephen Clark's motion for summary judgment and defendant Fidelity and Deposit's motion for summary judgment are GRANTED.

---

**4.** Plaintiff argues that had the trustee filed a timely objection, the plan assets would have been turned over to the trustee for the benefit of creditors, and the subsequent decision in *Patterson* would not have entitled debtors to regain those assets. While the Court does not wish to engage in speculative reasoning, it seems more likely that if the trustee had timely objected to debtors' exemptions and the Court had sustained those objections, debtors would have appealed this Court's holding that the plans were property of the estate. The Seventh Circuit, bound by the decision in *Patterson* (which had already been decided at the time of the appeal), would have inevitably ruled that the plans did not constitute estate property.